Joanne DeLong, State Bar #7379
637 Somers Road
Somers, MT  59932
(406) 857-2214

Attorney for Plaintiff Jeanette Jergens

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| JEANETTE JERGENS<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MARIAS MEDICAL CENTER; BOARD OF COUNTY COMMISSIONERS OF TOOLE COUNTY; CINDY LAMB in her individual capacity, Severally, or in the Alternative, Jointly<br><br>　　　　Defendants. | Case No.<br><br><br>**COMPLAINT**<br><br><br>REQUEST FOR JURY TRIAL<br><br><br>Date Filed: February 26, 2020 |

## JURISDICTION

1. Plaintiff Jeanette Jergens is, and was at all times given herein, a resident of Montana.

2. Defendant Marias Medical Center is a public entity, owned and operated by Toole County and under the authority of Defendant Board of County Commissioners of Toole County. Toole County is a political subdivision of the State of Montana.

3. Cindy Lamb was, and is, the Human Resources Director of Marias Medical Center.

4. All events alleged in this Complaint took place in Toole County, Montana.

5. Jurisdiction and venue properly lie with this Court because it is the court district

wherein the alleged violations occurred.

6. All of Plaintiff's claims arise under Federal law.

## INTRODUCTION

7. Plaintiff is a Certified Surgical Technologist, first certified in 1989. She began working at Toole County Hospital, the predecessor to Defendant Marias Medical Center, as a part-time employee in 1983 and, from 1989 on, worked for Defendant Marias Medical Center in the position of surgical technologist. She worked for Defendant Marias Medical Center continuously for almost 21 years; with prior employment periods added in, she has worked for Defendant Marias Medical Center and its predecessor for 26 years.

8. On July 10, 2015, Plaintiff was put on paid administrative leave while an investigation was conducted into allegations made against her at work. The letter informing her that she was on leave was signed by Defendant Cindy Lamb, Human Resource Manager at Defendant Marias Medical Center. The letter states simply that Plaintiff "may have engaged in behavior that is disruptive and inappropriate in the work place." There was no further explanation or specific examples of misconduct.

9. While on administrative leave, Plaintiff was instructed that she was not to enter the premises or grounds of Defendant Marias Medical Center.

10. Sometime between July 10, 2015 and July 16, 2015, Plaintiff saw her physician, Dr. Melanie Hardy, for anxiety and stress. Dr. Hardy prescribed her an anti-anxiety medication. In fact, Plaintiff was suffering from severe anxiety, stress, and depression. She cried all the time, for months. She saw Dr. Hardy more than once, although never in Dr. Hardy's medical office because she was not allowed on the premises of Defendant Marias Medical Center. Afterwards, she sought counseling from Zelma Skinner, a counselor through her church. She lost a significant amount of weight, experienced trouble sleeping, had difficulty concentrating, and was unable to engage in social activities. Her ability to think and concentrate was so impacted that she requested, and received, reasonable accommodation from two subsequent employers, the accommodation being only assigned to simple surgeries. By 2017, she could only work on average one day a week.

11. On July 16, 2015, Dr. Hardy wrote a three-sentence letter to the Human Resource Department at Defendant Marias Medical Center. The subject matter of the letter was solely about Plaintiff's state of stress and anxiety; it stated that she was prescribed medication and that she should not be subjected to emotionally stressful events until the effects of the medication could be observed. The letter did not discuss Plaintiff's work environment at all. Plaintiff was unaware that Dr. Hardy wrote this letter to Defendant Marias Medical Center. She did not request that Dr. Hardy write the letter, and the letter was not copied to her.

12. Sometime thereafter but still in July 2015, Defendant Cindy Lamb sent the letter to Michele Puiggari. Ms. Puiggari, an employment law consultant, was hired as an investigator by the Montana Association of Counties, on behalf of Defendant Marias Medical Center, to investigate the allegations against Plaintiff at work.

13. On July 28, 2015, Michele Puiggari sent her final investigative report to Defendant Cindy Lamb. In her report, Ms. Puiggari listed documents she relied on in forming her conclusion(s); she titled the list "Relevant Documents." She attached all of those documents to her report. In her list, she included the July 16, 2015 letter from Dr. Hardy.

14. In the final investigative report, Ms. Puiggari found that the third prong of a hostile work environment could not be met and a rumor of an extramarital affair could not be proven.

15. In spite of the conclusion in the final investigative report, on or about August 13, 2015, Plaintiff received a letter from Defendant Cindy Lamb listing the charges against her. Listed by bullet points at the beginning of the letter were (1) hostile work environment, bullying; (2) threatening or abusive language; and (3) harassment. These charges were then followed by alleged examples of the misconduct. On the second page, Ms. Lamb stated, "The documents and information I have reviewed concerning this matter consist of an investigation done by Michele Puiggari, Puiggari & Associates Consulting Services by interviewing current and past employees."

16. On or about August 28, 2015, Plaintiff received a letter from Defendant Cindy Lamb notifying her that her employment was terminated effective immediately. At the time of her discharge, Plaintiff was a full-time permanent employee, making approximately $57,000 in

COMPLAINT

wages and call time. The reasons for the discharge were "use of abusive language, degrading remarks and profanity." Ms. Lamb added, "You have also violated MMC policy by using obscene, intimidating or abusive language and refusal to cooperate in the successful operations of MMC."

17. On August 19, 2016, Plaintiff filed a lawsuit in Montana's Ninth Judicial District Court, Toole County, against Defendant Marias Medical Center, Defendant Board of County Commissioners of Toole County, Mary Frydenlund and Dr. Robert Clary, alleging violation of Montana's Wrongful Discharge from Employment Act ("WDEA," codified at Montana Code Annotated §39-2-901 through §39-2-915 (2015)), Defamation, Invasion of Privacy, and Intentional Infliction of Emotional Distress. The case number was DV-2016-046.

18. At the time of the filing, Plaintiff was unaware that her severe mental anguish had been disclosed to the investigator Michele Puiggari, or that it impacted the decision by Defendant Marias Medical Center to terminate her employment. In August 2016, she was continuing to suffer from stress, anxiety and depression.

19. Discovery between the parties in case number DV-2016-046 occurred. Plaintiff tendered her first set of discovery requests on October 24, 2016 which was answered on November 28, 2016. In the discovery requests, she specifically asked for all documents "or other materials that Cindy Lamb, Defendant Marias Medical Center's Human Resource Director, relied on in making her allegations of the conduct of Plaintiff Jeanette Jergens in Lamb's letter to Jergens dated August 13, 2015."

20. In Defendants' response, Michele Puiggari's investigation was first mentioned in answer to Request for Production No. 9, which states, "the attached supporting documentation supplied and compiled by Michele Puiggari further supports the termination…" The records produced in response to these first discovery requests were Bates-stamped "Def Disc Resp [Page Number]." Defendants represented that they sent Ms. Puiggari's documents but, in fact, only most of the documents listed as "Relevant Documents" were produced. Ms. Puiggari's final investigative report was not produced, nor was Dr. Hardy's letter.

21. Plaintiff issued numerous other discovery requests but Ms. Puiggari's final

investigative report and Dr. Hardy's letter (which it listed as a "Relevant Document") were ever produced.

22. Plaintiff's deposition was on February 28, 2017, coincidentally the last day to amend the complaint for Case No. DV-2016-046. During the deposition, Plaintiff was questioned on numerous documents. The documents produced during Plaintiff's deposition were Bates-stamped "Employment File [Page Number]."

23. It was during Plaintiff's deposition that the investigative report of Michele Puiggari was first produced to her, even though the investigative report was directly responsive to Plaintiff's first discovery requests. Dr. Hardy's letter, solely discussing Plaintiff's mental disability but which was listed as a "Relevant Document" in the investigative report, was also produced for the first time. These documents were combined with other documents, totaling 388 pages in twelve exhibits. This was the first time that Plaintiff or her counsel ever saw those documents, even though Defendants represented in response to Plaintiff's first discovery requests that they were producing "documentation supplied and compiled by Michele Puiggari."

24. Plaintiff filed a charge alleging discrimination based on disability with Montana's Human Rights Bureau in August 2018 based on the very real possibility that Defendant Marias Medical Center had used a legally-impermissible reason in terminating her employment. The Human Rights Bureau determined that Plaintiff's charge was timely filed. It issued Plaintiff a right-to-sue notice in February 2019, three weeks after the original trial date in Case DV-2016-046.

25. The trial in Case No. DV-2016-046 began on May 14, 2018. Plaintiff prevailed on the sole claim remaining, brought pursuant to the WDEA. Thus, the termination of Plaintiff's employment was wrongful. She was awarded only $80,762 because damages are limited under the WDEA to four years of lost wages and benefits. Compensatory damages, attorneys' fees, liquidated damages, and (in most cases) punitive damages were not available.

**COUNT I**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA)**
**29 U.S.C. §2601 et seq.**
**(against Defendant Marias Medical Center, Defendant Board of County Commissioners of Toole County, Defendant Cindy Lamb)**

26. Paragraphs 1 through 25 are incorporated herein by reference as though fully set forth here at.

27. At the time of the events in question, Defendant Marias Medical Center had over 100 employees, most of whom are employed at its principal location in Shelby, Montana.

28. At the time of the events in question, Plaintiff was a permanent, full-time employee, having been employed by Defendant Marias Medical Center for over 20 years.

29. Defendant Marias Medical Center and its Director of Human Resources, Defendant Cindy Lamb, became aware of Plaintiff's severe mental condition on July 16, 2015.  When the investigator Michele Puiggari, who is also an employment law consultant, learned of Dr. Hardy's letter, she told Defendant Cindy Lamb to notify Plaintiff of her eligibility to take Family and Medical Leave Act ("FMLA") leave.  (Employer Notice Requirements, 29 C.F.R. §825.300(b)(1) 2020).  Ms. Puiggari told Defendant Cindy Lamb to do this twice, in two separate e-mails.  Defendant Cindy Lamb willfully refused to notify Plaintiff of her FMLA rights.  In fact, Plaintiff never received notice of her FMLA rights, and Plaintiff had no knowledge that Defendants knew of her serious mental condition or that she was entitled to protections under the FMLA until February 28, 2017.

30. Defendant Marias Medical Center and Defendant Cindy Lamb interfered with Plaintiff's FMLA rights by failing to notify her that she was entitled to the statutorily-mandated twelve weeks of leave.  As the termination of Plaintiff's employment has been proven to be wrongful, Plaintiff's FMLA rights were violated by being fired within the twelve weeks of leave.

31. Plaintiff was damaged by Defendants' violation of her FMLA rights by the loss of her employment as well as health insurance benefits and retirement benefits.

**COUNT II**
**VIOLATION OF DUE PROCESS AND EQUAL PROTECTION**
**42 U.S.C. §1983**
**United States Constitution, 14th Amendment**
**(against Defendant Marias Medical Center,**
**Defendant Board of County Commissioners of Toole County,**
**Defendant Cindy Lamb in her individual capacity)**

32. Paragraphs 1 through 31 are incorporated herein by reference as though fully set

1  forth here at.

2  33. The statute of limitations for personal injury in the state of Montana is three years.
3  (Montana Code Annotated §27-2-204(1)).

4  34. Defendant Marias Medical Center is a sub-division of a governmental entity, Toole
5  County.

6  35. Defendant Cindy Lamb is the Human Resource Director of Defendant Marias
7  Medical Center.  She was in charge of producing documents responsive to Plaintiff's discovery
8  requests in Case No. DV-2016-046.  Working in conjunction with other agents of Defendant
9  Marias Medical Center, she purposefully withheld documentation in discovery that supported an
10 inference of illegal discrimination against Plaintiff, as well as evidence of interference with
11 Plaintiff's FMLA rights.

12 36. Any charge of discrimination must satisfy an administrative prerequisite or a trial
13 court lacks subject matter jurisdiction to hear the case.  By delaying production of and hiding
14 documents directly responsive to Plaintiff's discovery requests, Defendants Marias Medical
15 Center, Board of County Commissioners of Toole County, and Cindy Lamb effectively deprived
16 Plaintiff of her constitutional right of due process by denying her the choice of legitimate claims
17 that would afford her the maximum damage award.

18 37. Defendant Cindy Lamb and agents of Defendant Marias Medical Center did not just
19 withhold one document requested in discovery.  They withheld an investigative report and a
20 doctor's letter which proved interference with Plaintiff's FMLA rights as well as pertinent e-
21 mails, showing a pattern and practice of illegal behavior on Defendants' part.

22 38. Because the evidence was withheld, Plaintiff was forced to go to trial alleging a
23 claim under Montana's Wrongful Discharge from Employment Act, Montana Code Annotated
24 §39-2-901 thru §39-2-915 (2015).  She prevailed at trial but her damages were necessarily
25 limited by the statute.  She could, at most, recover just four years of lost wages and benefits.
26 (Montana Code Annotated, §39-2-905).  She could not recover attorneys' fees, compensatory
27 damages, liquidated damages, or punitive damages.

28 39. Because of Defendants Marias Medical Center, Board of County Commissioners of

Toole County, and Cindy Lamb's willful and intentional act, Plaintiff has suffered damages of lost wages and benefits exceeding the four-year limitation, as well as the ability to recover her attorney's fees.

40. To this day, Plaintiff is still not working in her field, and her financial damages continue to accumulate.

**WHEREFORE**, Plaintiff prays for judgment against Defendants Marias Medical Center, Board of County Commissioners of Toole County, and Defendant Cindy Lamb in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00) as follows:

1. Damages consisting of lost wages and benefits, with interest
2. Compensatory damages for pain and suffering
3. Liquidated damages for the willful denial of Plaintiff's rights under the FMLA
3. Special damages where allowed by law according to proof at trial
4. Attorney fees and costs, and investigative fees allowed by law
5. Punitive damages
6. Equitable relief as the court deems just and proper
7. Such other further and different relief as the court deems just and proper.

### REQUEST FOR JURY TRIAL

1. Plaintiff requests a jury trial.

Respectfully submitted,

Dated: February 26, 2020      LAW FIRM OF JOANNE DELONG


By:   /s/ Joanne DeLong
Joanne DeLong, State Bar #7379
Attorney for Plaintiff Jeanette Jergens