IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JEANETTE JERGENS,<br><br>                Plaintiff,<br><br>vs.<br><br>MARIAS MEDICAL CENTER; BOARD OF COUNTY COMMISSIONERS OF TOOLE COUNTY; and CINDY LAMB, in her individual capacity, severally, or in the alternative, jointly<br><br>                Defendants. | CV-20-15-GF-BMM<br><br><br>ORDER |

## INTRODUCTION

Plaintiff Jeanette Jergens ("Jergens") filed a complaint against the Marias Medical Center, the Board of County Commissioners of Toole County, and Cindy Lamb on February 26, 2020. (Doc. 1). Jergens alleged that Defendants violated the Family and Medical Leave Act ("FMLA") and the due process clause of the United States Constitution. (Doc. 1 at 6). Jergens's complaint followed two suits in

Montana state court arising from the same employment dispute between herself and Defendants. In the first of these two state cases (*Jergens I*), the jury awarded Jergens $80,762 for her claims of privacy violations and discrimination. (Doc. 64 at 3-4). In the latter case (*Jergens II*), Jergens sought to add claims identical to the claims she brought before this Court, however, she later withdrew her motion to amend and the state court subsequently dismissed the complaint. (Doc. 31).

The Court granted summary judgment to Defendants on July 30, 3021, finding that Jergens' claim under the FMLA was time-barred, that she suffered no prejudice by her employer's failure to inform her of her rights under the FMLA, and that res judicata barred both her FMLA claim and due process claim. (Doc. 64).

Defendants have filed a motion for attorney fees pursuant to 42 U.S.C. 1988(b). (Doc. 66). Defendants request a fee of $16,192.50. (Doc. 67 a 6). Plaintiff objects. (Doc. 70).

## ANALYSIS

The Court may discretionarily award reasonable attorney fees to the prevailing party in a suit to vindicate civil rights. 42 U.S.C. §1988(b). Attorney's fees should be granted to a defendant in a civil rights action only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation. *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting

*Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978)). In considering what constitutes a claim that is frivolous, unreasonable or groundless, it is important that a court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, her action must have been unreasonable or without foundation. *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015).

Jergens's claims, though ultimately unsuccessful, did not rise to the rise to the standard of "frivolous, unreasonable, or without foundation." Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit. *Christiansburg Garment Co.*, 434 U.S. at 422. Jergens had reasonable grounds for bringing suit, having already prevailed on facts related to this case in a previous suit—*Jergens I*. (Doc. 67 at 2).

Defendants rely on the fact that "[n]either the Plaintiff, the defense, nor this Court could find any support whatsoever" for Jergens's civil rights claim. (Doc. 71 at 5). When little case law exists on point and a claim raises a novel question, however, the claim is much *less* likely to be considered frivolous. *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015). Jergens's claim was novel, and ultimately unsuccessful as a matter of law, but that does not render it frivolous or lacking in foundation.

## ORDER

Accordingly, **IT IS ORDERED** that:

- Defendant's Motion for Attorney Fees (Doc. 66) is **DENIED**.

Dated the 9th day of September, 2021.

_____
Brian Morris, Chief District Judge
United States District Court